# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| OMAHR GREGORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 2:08-cv-1392-JHH-TMP |
| | ) |
| LT. ROBINSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 9, 2009, recommending that the following claims be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2): (1) the plaintiff's claims brought on behalf of other individuals; (2) the plaintiff's Fourth Amendment claims based on the defendants' search of James Martin's home on August 1, 2006, and the defendants' search of Maria Watters' home on December 8, 2006; and (3) the plaintiff's Fourth Amendment claim based on the defendants' search of the plaintiff's home on August 1, 2006.  With the dismissal of those claims, all defendants, except Officer Tom Ryan, were recommended to be dismissed.  It was further recommended that plaintiff's Fourth Amendment claim against Tom Ryan, based on Ryan's alleged invasion and search of the plaintiff's home on July 31, 2006, be referred to the magistrate judge for further proceedings.  On March 26, 2009, the plaintiff filed objections. (Doc. 19.)

The plaintiff objects to the magistrate judge's recommendation that all defendants, except Defendant Ryan, be dismissed. He states that multiple officers "participated in the events" on the evening of July 31, 2006, and contends that "additional discovery is needed to accurately develope (sic) which additional officers accompanied and/or contributed to the events . . . on the evening of July 31, 2006." *Id.*

While the plaintiff alleges in his complaint that a constitutional violation occurred, he fails to allege facts that associate Defendants Robinson, Straittion, Coleman, Miller, Powell, Mays, Woodward, and Ballard with that violation.[1] Indeed, the plaintiff states in his objections that he is uncertain "as to the actual presence of Lt. Robinson, Det. James Coleman and Det. David Miller at 1444 Princeton Avenue S.W. B'ham, AL 35211, on the evening of July 31, 2006." (Doc. 19 at 2.) In order to state a valid claim under § 1983, the plaintiff must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity." *Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003)(*quoting Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir.1995)); *see GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)(holding that the complaint in civil rights cases must allege the relevant facts "with some specificity"). "[M]ore than mere conclusory notice pleading is required . . . . [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). In other words, failure to assert specific factual allegations directed toward specific defendants is grounds for dismissal of a § 1983 claim. *See Doe v. Cassell*, 403 F.3d 986, 989-90 (8th Cir. 2005).

---

[1] In his complaint, the plaintiff refers to "officers" and "law enforcement," but only identifies specifically Defendant Ryan as being involved in the July 31, 2006, search of his home.

In this case, the plaintiff's general assertions do not directly show how any of the above-named defendants violated his rights, and therefore the complaint fails to state a valid constitutional claim against any of them.  Accordingly, Defendants Robinson, Straittion, Coleman, Miller, Powell, Mays, Woodward, and Ballard are due to be DISMISSED for the plaintiff's failure to state a claim upon which relief can be granted against them.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's recommendation is ACCEPTED.  All of plaintiff's claims in this action except his Fourth Amendment claim against Defendant Tom Ryan are due to be dismissed pursuant to 28 U.S.C. § 1915A(b).  Plaintiff's Fourth Amendment claim against Defendant Ryan, based on Ryan's alleged invasion and search of the plaintiff's home on July 31, 2006, shall be referred to the magistrate judge for further proceedings.  An appropriate order will be entered.

**DONE** this the ___3rd___ day of April, 2009.

*James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE